United States District Court
Southern District of Texas
**ENTERED**
February 02, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LEONOR PEREZ & <br> FELIPE VARELA, JR. <br>    Plaintiffs, <br><br> v. <br><br> DORA ALICIA GALLEGOS ROMAN <br> d/b/a TRANSPORTES BEGA & <br> JOSE SAMUEL GONZALES, <br>    Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 1:21-cv-187 |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiffs Leonor Perez and Felipe Varela, Jr., have sued Defendants Dora Alicia Gallegos Roman, doing business as Transportes Bega, and Jose Samuel Gonzales for a vehicular accident which occurred on October 2, 2019. On December 13, 2022, Gallegos Roman and Gonzales filed a partial motion for summary judgment. Dkt. No. 24. Perez and Varela did not file a response.[1]

After reviewing the record and the relevant caselaw, it is recommended that the partial motion for summary judgment be granted. There is no genuine dispute of material fact as to whether Gallegos Roman was negligent in hiring or supervising Gonzales.

## I. Background

### A. Factual Background

In 2015, Transportes Bega hired Gonzales as a driver. Dkt. No. 24-3, p. 10. In 2013, Gonzales graduated from a trucking school "known as the Canales Transportes school" in Mexico. Id., p. 7. He has a Mexican commercial driver's license. Id. Prior to working for

---

[1] Typically, if a party fails to respond to a motion, it is considered unopposed. Local Rule 7.4. The Court, however, may not simply grant a dispositive motion as unopposed; it must consider the merits of the motion. Webb v. Morella, 457 F. App'x 448, 452 (5th Cir. 2012) (citing John v. State of La. (Bd. of Trustees for State Colleges & Universities), 757 F.2d 698, 709 (5th Cir. 1985)). The Court, however, is not required "to survey the entire record in search of evidence to support a non-movant's opposition." Jones v. Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1338 (5th Cir. 1996).

1

Transportes Bega, he worked for three other Mexican trucking companies. Id., pp. 8-10. Gonzales had never been involved in a motor vehicle crash prior to the incident at the heart of this case. Id., p. 8.

Gonzales testified at his deposition that Transportes Bega provided him training videos, which were courses about how to safely drive in America. Dkt. No. 24-3, pp. 12-13. He also testified that Transportes Bega outfitted his truck with GPS trackers to check whether he drove safely, such as obeying speed limits. Id., p. 14.

On October 2, 2019, Perez and Varela were traveling in San Benito, Texas, and were stopped at a traffic light. Dkt. No. 24-9, p. 5. Gonzales's tractor-trailer struck their vehicle from behind. Id., p. 6. Varela testified that he had no way of knowing how fast the truck was traveling when it struck his vehicle. Id. Photographs of the Plaintiffs' vehicle show minor damage to the rear bumper. Dkt. No. 24-1.

**B. Procedural Background**

On October 4, 2021, Perez and Varela filed suit against Gallegos Roman and Gonzales in the 107th District Court in Cameron County, Texas. Dkt. No. 1-1, p. 4. As to Gonzales, the Plaintiffs asserted that he operated his vehicle negligently, causing the accident. Id., pp. 7-8. As to Gallegos Roman, the Plaintiffs asserted claims of respondeat superior and negligent entrustment. Id., pp. 9-10.

On November 3, 2021, the Defendants were served. Dkt. No. 1-1, p. 2. On November 29, 2021, the Defendants timely removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1.

On May 13, 2022, the parties stipulated that Gonzales was acting within the scope of his employment when the accident occurred. Dkt. No. 13.

On December 13, 2022, Gallegos Roman filed a partial motion for summary judgment, seeking summary judgment as to the claim of negligent entrustment. Dkt. No. 24. The Defendants did not seek summary judgment as to the negligence claim against Gonzales or the respondeat superior claim against Gallegos Roman.

On January 6, 2023, the Plaintiffs sought an extension of time to respond to the partial motion for summary judgment. Dkt. No. 30. On January 9, 2023, the Court granted

the motion for an extension of time, giving the Plaintiffs until January 31, 2023, to file their response. Dkt. No. 31.

The Plaintiffs did not file a response to the motion for summary judgment.

## II. Applicable Law

### A. Summary Judgment

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

A "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006). The movant "can show there's no material dispute if he demonstrates that the [non-movant] could not prevail even if each factual question were resolved in their favor." Freedom From Religion Found., Inc. v. Mack, 49 F.4th 941, 950 (5th Cir. 2022).

If the non-movant would bear the burden of proof at trial, the moving party may satisfy its summary judgment burden "by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Ortega Garcia v. U.S., 986 F.3d 513, 533 (5th Cir. 2021). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. Id.

"All facts must be viewed in the light most favorable to the nonmovant and all justifiable inferences must be drawn in his favor." Crane v. City of Arlington, Texas, 50 F.4th 453, 461 (5th Cir. 2022). Thus, factual controversies are resolved in favor of the non-movant, "but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Corp., 7 F.4th 315, 321 (5th Cir. 2021). In the "absence of any proof," the Court cannot and will not assume that the non-moving party could or would prove the necessary facts. McCarty v. Hillstone Rest. Grp., Inc., 864 F.3d 354, 358 (5th Cir. 2017). Finally, "a court should

not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." Chacon v. Copeland, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)) (internal quotations omitted).

### III. Analysis

The motion for partial summary judgment should be granted. As a matter of law, the Plaintiffs cannot maintain claims of respondeat superior and negligent entrustment against Gallegos Roman. Furthermore, there is no genuine issue of material fact as to negligent entrustment.

#### A. Mutually Exclusive

The Plaintiffs have made claims of respondeat superior and negligent entrustment against Gallegos Roman. These claims are mutually exclusive.

"Texas courts have repeatedly held that, where only simple negligence is alleged, negligent entrustment and respondeat superior are mutually exclusive modes of recovery." Ferrell Gas, Inc. v. Reese, 2022 WL 17843996, at *4 (Tex. App. Dec. 21, 2022) (unpubl.) (citing Rosell v. Cent. W. Motor Stages, Inc., 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied) & Patterson v. E. Tex. Motor Freight Lines, 349 S.W.2d 634, 636 (Tex. Civ. App.—Beaumont 1961, writ ref'd n.r.e.). This is because under either theory, the employer is liable for the employee's negligence, so the claims are repetitive of each other. Id. The parties have already stipulated that Gonzales was acting within the scope and course of his employment when the accident occurred, which is sufficient to establish respondeat superior. See Univ. of Texas M.D. v. Baker, 401 S.W.3d 246, 261 (Tex. App. 2012) (respondeat superior requires a showing "that the employee be acting in the course and scope of employment when the negligence occurs").

The only instance where the claims are not mutually exclusive is when there is a simple negligence claim against the driver, but a gross negligence claim against the employee for entrusting a vehicle to "an incompetent or reckless" driver. Ferrell Gas, Inc., 2022 WL 17843996, at *4. The complaint does not raise any claims of gross negligence against Gallegos Roman. Dkt. No. 1-1, pp. 9-10. As such, the availability of the respondeat

superior claim makes the negligent entrustment claim untenable. Summary judgment is appropriate on this basis.

### B. Negligent Entrustment

Even if the negligent entrustment claim was not barred as a matter of law, there is no genuine dispute of material fact as to this claim.

"Proof of negligent entrustment requires: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) the driver's negligence on the occasion in question; (5) proximately caused the accident." Rosell, 89 S.W.3d at 655.

There is no evidence in the record that Gonzales was "unlicensed, incompetent, or reckless." Gonzales has a Mexican commercial drivers license, which is valid within the United States.[2] He had no prior motor vehicle accidents prior to the one at issue in this case. Because there is no evidence of his unfitness to be a driver, there is no evidence in the record that Gallegos Roman knew or should have known that he was unfit to drive for her. As such, there is no genuine dispute of material fact as to the negligent entrustment claim.

## IV. Recommendation

It is recommended that the partial motion for summary judgment filed by Gallegos Roman and Gonzales be granted. Dkt. No. 24. Summary judgment should be entered as to any claims of negligent entrustment.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge

---

[2] The United States and Mexico have a reciprocal agreement to recognize the commercial drivers license issued by the other country.
https://www.fmcsa.dot.gov/sites/fmcsa.dot.gov/files/docs/international-programs/79541/2017cdlmousignedenglish_0.pdf.

is not required to consider frivolous, conclusive, or general objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a <u>de novo</u> review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a <u>de novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on February 2, 2023.

_____
Ronald G. Morgan
United States Magistrate Judge